UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ILIJA VASILJ,

    Plaintiff,

v.

MARION B. DUZICH, DIANE DUZICH,
G. CHARLES HATCH, AND
WATERMAN INTERNATIONAL, INC.

    Defendants.

No. 07 C 5462
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

This case arose out of an alleged scheme by Defendants to induce Plaintiff to invest over $1.2 million in the start-up company Waterman International, Inc. ("Waterman"), a closely held Texas corporation. Plaintiff brings this action on behalf of himself, and derivatively on behalf of Waterman. In his complaint, Plaintiff alleges that Defendants deprived him of his rightful ownership interest and breached fiduciary duties owed to him individually and to Waterman. Defendants come now with a motion to have Plaintiff's derivative claims treated as a direct action. For the following reasons, Defendants' motion is denied.

**I. FACTUAL BACKGROUND**

In 1998, Plaintiff was approached by M. Duzich about investing in a private investment fund that would primarily deal with the acquisition, development and maintenance of hospitality businesses in Croatia. Prior to investing, Plaintiff met with M. Duzich, D. Duzich and Charles Hatch in Chicago, Illinois where the group agreed to form Waterman as the corporate vehicle for management and development. Plaintiff invested approximately $1.2 million in Waterman in exchange for 33% ownership interest in the corporation. Plaintiff alleges that despite his

attempts to formalize his 33% ownership interest, Defendants refused to do so. Furthermore, Plaintiff alleges that Defendants improperly diluted his ownership interest in Waterman. Additionally, Plaintiff alleges that Defendants used Waterman assets for their own personal gain without the knowledge or approval of the company's directors or shareholders.

## II. DISCUSSION

As Plaintiff has asserted both direct and derivative claims, Waterman would be required to retain independent counsel to ensure that the company is fully and fairly represented in this litigation. *Bell Atlantic Corp. v. Bolger*, 2 F.3d 1304, 1316 (3rd Cir. 1993). Indeed, Defendants' current counsel is charged with representing both the corporation and those charged with harming it. Neither party disputes that, should Plaintiff's claims remain both direct and derivative, Waterman would be required to retain independent counsel.

Texas law[1] provides that:

**L. Closely Held Corporations**. (1) [] If Justice requires:

(a) a derivative proceeding brought by a shareholder of a closely held corporation may be treated by a court as a direct action brought by the shareholder for his own benefit; and

(b) a recovery in a direct or derivative proceeding by a shareholder may be paid either directly to the plaintiff or to the corporation if necessary to protect the interests of the creditors or other shareholders of the corporation.

Tex. Bus. Corp. Act art. 5.14 (L).

Defendants maintain that it would be "a tremendous burden on Waterman" that would benefit no one if it was required to pay for its own independent counsel. Accordingly, "to avoid

---

[1] The parties do not dispute the applicability of Texas law to this motion. Likewise, the parties do not dispute whether or not Waterman is a closely held corporation within the meaning of the applied Texas statute.

[] waste," Defendants move to treat Plaintiff's derivative action as a direct action because the necessity of Waterman obtaining new, independent counsel would be eliminated. Defendants contend that Waterman's only significant asset lies in its stock in the hotel Svpetrvs Hoteli D.D. ("Svpetrvs"). To pay for independent counsel, it would either need to obtain new funds from its shareholders or sell stock in Svpetrvs. Furthermore, Defendants argue that even if this Court denies this motion, Waterman is unlikely to obtain a new lawyer because of its financial situation.

Plaintiff agrees that independent counsel for the corporation is preferable and asserts that the benefits of obtaining independent counsel outweigh the added cost. Plaintiff also correctly notes that Defendants have cited no authority for the proposition that such treatment is mandatory in the case presented here. Instead Defendants seemingly appeal to this Court's equity in rendering a favorable ruling.

Plaintiff argues that, regardless of whether his claims are treated as direct or derivative, independent counsel is warranted because his claims remain vested in the corporation. *2055 Inc. v. McTauge*, No. 05-08-01057-cv, 2009 WL 2506342 at *8 (Tex.App. Aug. 18, 2009). While Defendants are correct that *McTauge* does not address whether the treatment of a derivative claim as an individual claim effectively resolves a potential attorney conflict, Defendants fail to offer any other persuasive case law that is on point. Plaintiff argues that Texas courts generally only allow a plaintiff's derivative claims to be treated as direct claims when such a concession benefits the plaintiff. Indeed, Texas courts have treated a corporate shareholder's derivative action as a direct action to allow recovery to be paid directly to a shareholder plaintiff, as opposed to the corporation. *Swank v. Cunningham*, 258 S.W.3d 647 (Tex. App. 2008).

3

In this case, Plaintiff opposes the treatment of his derivative claims as direct claims. Although Defendants argue that "justice requires" the application of the Texas statute to Plaintiff's claims, they offer nothing aside from generalized statements regarding the financial status of the company and its inability to afford a second attorney to support this contention. Furthermore, Defendants' statements regarding the ability to sell Svpetrvs' stock, or the price it would receive, are purely speculative. While it is true that independent counsel will present an additional cost to Waterman, it is not unusual for a corporation to pay for independent counsel in a derivative suit brought by a shareholder. Indeed, the shareholder seeking recovery acknowledges the added expense for the corporation and endorses it. Defendants have put forth no compelling arguments in support of their motion to show that justice requires me to treat Plaintiff's derivative claims as direct claims.

**III. CONCLUSION**

For the foregoing reasons, Defendants' motion to treat Plaintiff's derivative claims as direct claims is denied.

ENTER:

*James B. Zagel*
James B. Zagel
United States District Judge

DATE: February 5, 2010

4